UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEWIS ABDUL KALIM SIBOMANA,

Plaintiff,

v.

CHRISTOPHER J. LAROSE,

Defendant.

Case No.: 22cv933-LL-NLS

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

**[ECF No. 2]**

## I.     BACKGROUND

Lewis Abdul Kalim Sibomana ("Petitioner") (Alien Registration No. A-200179618) is currently in immigration detention at the Otay Mesa Detention Center ("OMDC") in San Diego, California. Petitioner was taken into immigration custody on September 15, 2021 and was ordered removed on March 15, 2022. On June 23, 2022, proceeding pro se, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition") challenging his detention on the basis that failure to receive a bond hearing without a hearing on danger or flight risk violates the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. ECF No. 1 at 6.

Petitioner also filed the instant motion for a temporary restraining order ("TRO") together with his petition, seeking immediate release pursuant to a writ of habeas corpus,

or a court order for a bond hearing. ECF No. 2. Petitioner's motion alleges that he experiences extreme temperatures at OMDC and that cold temperatures have caused him indefinite and extreme pain related to a metal plate in his right leg. *Id.*at 1. Petitioner states that his pre-existing leg injury was re-aggravated in the course of being detained by immigration authorities on September 15, 2021, that an emergency room physician subsequently diagnosed him with a leg contusion and swelling, that he has been denied physical therapy and use of crutches in OMDC, and that medical staff have denied surgery to remove the metal plate in his leg. *Id.* Petitioner states that he will suffer irreparable harm if the TRO is not granted. *Id.* at 2.

## II.   LEGAL STANDARD

The purpose of a TRO is to preserve the status quo and to prevent irreparable harm until a hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters, Loc. No. 70*, 415 U.S. 423, 439 (1974). The legal standard for a TRO and a preliminary injunction is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The party seeking a preliminary injunction "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *City & Cnty. of San Francisco v. United States Citizenship & Immigr. Servs.*, 944 F.3d 773, 788-89 (9th Cir. 2019) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) (alterations in original). As with preliminary injunctions, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as a matter of right." *Winter*, 555 U.S. at 22, 24.

The Court may issue a TRO without written or oral notice to the adverse party (ex parte) or the adverse party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (or, as in this case, a plaintiff

proceeding pro se) certifies in writing any efforts made to give notice to the adverse party and reasons supporting the claim that notice should not be required. Fed. R. Civ. P. 65(b)(1)(A)-(B). "The stringent restrictions imposed by . . . Rule 65,[] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 438-39 (footnote omitted). Accordingly, "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

## III.   DISCUSSION

### A.   Failure to Comply with the Requirements for Ex Parte Relief Warrants Denial of the Motion

Petitioner's ex parte motion for a TRO warrants denial because it fails to meet the requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure as well as the parallel notice requirements of Civil Local Rule 83.3(g)(2) for motions seeking ex parte relief. There is no declaration accompanying Petitioner's motion that certifies his efforts to give notice to Respondent or provides reasons why notice should not be required. Nonetheless, because the Court holds pro se filings to less stringent standards than formal pleadings drafted by lawyers—which is especially true in the context of habeas filings—the Court addresses the merits of Petitioner's motion for a TRO below. *See Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).

### B.   The Court Does Not Have Jurisdiction to Grant a TRO

A federal court may not entertain an action over which it has no jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (citations omitted). Injunctive relief, such as a TRO or preliminary injunction, "is appropriate to grant intermediate relief of the same character as that which may be granted finally," but such relief is improper when it "deals with a matter lying wholly outside the issues in the suit." *De Beers Consol.*

*Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945). In other words, there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the conduct asserted in the underlying complaint" for the court to have authority to grant the requested relief. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (adopting the rule articulated in *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

Here, the allegations presented in Petitioner's motion for a TRO bear no relationship to the ground for relief stated in his petition. Petitioner's motion avers that he was re-injured while being detained, that he experiences extreme pain in his right leg due to cold temperature, that he has not been provided with crutches or physical therapy, and that medical staff have denied his request to have surgery to remove a plate in his affected leg. ECF No. 2. Petitioner's motion does not address the likelihood of success on the merits of his habeas claim.[1] On the other hand, his petition for writ of habeas corpus challenges the fact of his detention on the basis that his prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. ECF No. 1 at 6. Since Petitioner's motion for TRO deals with medical claims that are a matter wholly outside his habeas petition, the Court does not have the authority to grant Petitioner's motion.

### C.   A Civil Rights Action is the Proper Mechanism to Challenge Conditions of Confinement

While Petitioner may invoke federal jurisdiction to challenge his treatment at OMDC, the claims raised in the instant motion must be brought in a separate civil action.

---

[1] A party seeking injunctive relief must show that they are likely to succeed on the merits of their underlying claim. *See Winter*, 555 U.S. at 20. Likelihood of success on the merits is the most important *Winter* factor, and the court need not consider the other factors if the moving party cannot carry its burden to show a likelihood of success on the merits of the underlying claim. *See Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citations omitted).

A habeas corpus petition under 28 U.S.C. § 2241 is a vehicle for an individual in federal custody to challenge the execution of their sentence. *Hernandez*, 204 F.3d at 864. Challenges to conditions of confinement are properly brought in a civil rights complaint rather than a habeas corpus petition. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)). To the extent that a federal detainee challenges "the fact or duration of his confinement," the court should construe their claim as a petition for habeas corpus under 28 U.S.C. § 2241. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991). To the extent that a federal detainee seeks redress for civil rights violations, the court should construe their claim as an action arising under *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971). *Id.*

As discussed above, Petitioner's claims in the motion for a TRO challenge the conditions of confinement and lack of medical care at OMDC, while his petition challenges the legality of his detention without a bond hearing. Although Petitioner's motion for a TRO seeks the same relief as his petition, release from detention, his claims related to inadequate medical care must be raised in a civil rights action pursuant to *Bivens* rather than his petition for writ of habeas corpus. *See Shook v. Apker*, 472 F. App'x 702, 702-03 (9th Cir. 2012).

## IV.   CONCLUSION

For the reasons stated above, Petitioner's Motion for a Temporary Restraining Order is **DENIED**.

**IT IS SO ORDERED**.

Dated:  July 25, 2022

_____
Honorable Linda Lopez
United States District Judge