UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS ABDUL KALIM SIBOMANA,<br><br>                               Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. LAROSE<br><br>                              Defendant. | Case No.: 3:22-cv-933-LL-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE MOTION TO EXPEDITE**<br><br>**[ECF Nos. 1, 13]** |

On June 23, 2022, Petitioner Lewis Abdul Kalim Sibomana ("Petitioner") (Alien Registration No. A-200179618), a federal immigration detainee in the custody of the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 (the "Petition"). On August 8, 2022, Respondent Christopher J. LaRose ("Respondent") filed a return in opposition, ECF No. 8 (the "Return"); he also filed an amended return the next day, which clarified that Petitioner did not have a pending bond appeal. ECF No. 10 (the "Amended Return"). Petitioner filed a reply petition on August

26, 2022. ECF No. 11 (the "Reply"). In addition, on November 7, 2022, Petitioner filed a motion to expedite the adjudication of his habeas petition. ECF No. 13. (the "Motion to Expedite").

For the reasons set forth below, the Petition is **GRANTED IN PART** and **DENIED IN PART**, and the Motion to Expedite is **DENIED** as **MOOT**.

## I. BACKGROUND

Petitioner is a native and citizen of Rwanda. ECF No. 10-1 at 2. He was admitted to the United States in September 2011 on a student visa. *Id.* In February 2012, he filed an application for asylum. *Id.* at 9. The DHS did not consider the application and, instead, served him with a Notice to Appear ("NTA") for his removal proceedings. *Id.*

On July 5, 2018, Petitioner appeared with counsel before an immigration judge ("IJ") for his initial hearing. ECF No. 10-1 at 9. Petitioner conceded his removability and the service of the NTA. *Id.* Petitioner then informed the IJ that he would seek asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *Id.* at 10. The IJ set Petitioner's case for a merits hearing. *Id.* But before the hearing took place, Petitioner was convicted of a felony in California. ECF No. 10 at 2.

He was arrested in January 2020 and charged with three counts: (1) violation of California Penal Code ("CPC") section 286(f)(1), sodomy of an unconscious or asleep victim; (2) violation of CPC section 287(f)(1), oral copulation of an unconscious or asleep victim; and (3) violation of CPC section 243(e)(1), battery on a spouse, cohabitant, fiancé, boyfriend, girlfriend, or child's parent. ECF No. 10-1 at 60–62. After three alleged victims testified in the preliminary hearing, the court changed the section 243(e)(1) count to a section 243.4(e)(1) count, for sexual battery, and added a fourth count under CPC section 288(c)(1), sexual assault of a minor. *Id.* at 50. Petitioner entered into a plea bargain and pled no contest to the section 286(f)(1) count; the government dropped the other three counts. *Id.* at 54, 56. Petitioner was convicted and sentenced to three years imprisonment, but also given time-served and good-time credits. *Id.* at 54–55.

On August 8, 2021, he was released from state custody. ECF No. 1 ¶ 7. The following month, ICE took him into federal custody pending his removal proceedings. *Id.* ¶ 11. In March 2022, an IJ conducted a merits hearing and denied Petitioner's claims for asylum, withholding, and CAT protection. ECF No. 10-1 at 6. The IJ found that the section 286(f)(1) conviction constituted an aggravated felony and a particularly serious crime, that Petitioner did not testify credibly, and that Petitioner failed to establish his eligibility for deferral of removal under the CAT. *Id.* at 13–14, 22, 24.

In April 2022, Petitioner appealed the ruling to the Board of Immigration Appeals ("BIA"). ECF No. 1 ¶ 11. He also filed a motion with the BIA to extend his briefing time because his paid counsel was being replaced by a pro bono counsel. ECF No. 11 at 2. That motion appears to be still pending. ECF No. 10 at 3.

In June 2022, an IJ denied Petitioner's request for a bond hearing on the basis that the immigration court lacked jurisdiction under § 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c). ECF No. 10-1 at 66. Thereafter, Petitioner filed the instant habeas petition challenging his detention and the denial of the bond hearing. ECF No. 1.

Petitioner argues that a prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. ECF No. 1 ¶ 13. As such, he requests that the Court issue a writ of habeas corpus ordering his immediate release or, in the alternative, ordering release within seven days unless Respondent schedules a bond hearing. *Id.* ¶ 15.

In opposition, Respondent argues that (1) this Court lacks jurisdiction to review the IJ's removal order as it was based on Petitioner's conviction of an aggravated felony; (2) the Court should refuse judicial review because Petitioner failed to administratively exhaust the denial of his bond hearing; (3) the IJ correctly determined that Petitioner's conviction constituted an aggravated felony; (4) the month-long gap between Petitioner's state custody and federal custody does not preclude the application of 8 U.S.C. § 1226(c);

and (5) Petitioner's federal custody has not been unconstitutionally prolonged. ECF No. 10 at 3–6.

## II.  LEGAL STANDARD

"Section 1226(c) . . . carves out a class of aliens for whom detention is mandatory. This includes individuals who have committed certain enumerated offenses or who have been involved in drug trafficking or terrorist activities. ICE may only release a person detained pursuant to this provision if necessary for witness protection purposes. . . . [Section] 1226(c) on its face offers no opportunity for release on bond." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 U.S.C. § 1226(c)).

In *Jennings v. Rodriguez*, the Supreme Court held that a noncitizen detained under § 1226(c) has no statutory right to a bond hearing. 138 S. Ct. 830, 848 (2018). But the Court declined to determine whether a noncitizen would be entitled to bond hearings as a constitutional matter and, thus, remanded the case to the Ninth Circuit "to consider [the] constitutional arguments on their merits." *Id.* at 851. The circuit court, in turn, remanded the question to the district court, though it noted it had "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 255–56 (9th Cir. 2018).

After *Jennings*, "it remains undetermined whether the Due Process Clause requires additional bond procedures under *any* immigration detention statute." *Rodriguez Diaz*, 53 F.4th at 1201 (emphasis in original); *see also Avilez v. Garland*, 48 F.4th 915, 927 (9th Cir. 2022) (declining to determine whether due process required a bond hearing for a noncitizen detained under § 1226(c) and remanding the question to the district court to decide in the first instance).

In the absence of the Supreme Court's or the Ninth Circuit's clear position on this issue, "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c). . . . According to one such court order, the prolonged mandatory detention pending removal proceedings,

without a bond hearing, will—at some point—violate the right to due process." *Martinez v. Clark*, 36 F.4th 1219, 1223 (9th Cir. 2022) (internal quotation marks and citation omitted); *see also, e.g., Lopez v. Garland*, 1:22-CV-0531-SAB-HC, 2022 WL 4586413, at *1 (E.D. Cal. Sept. 29, 2022) (hearing ordered after one-year detention); *Doe v. Garland*, 3:22-CV-03759-JD, 2023 WL 1934509, at *1 (N.D. Cal. Jan. 10, 2023) (18 months); *Yagao v. Figueroa*, 17-CV-2224-AJB-MDD, 2019 WL 1429582, at *1 (S.D. Cal. Mar. 29, 2019) (42 months).

### III.   DISCUSSION

#### A.   Habeas Jurisdiction

As an initial matter, this Court disagrees with Respondent that "the crux" of Petitioner's habeas challenge is the IJ's aggravated felony ruling. *See* ECF No. 10 at 3. Instead, Petitioner claims that "[p]rolonged detention without a hearing on danger or flight risks violates the [D]ue [P]rocess [C]lause of the [F]ifth [A]mendment and the [E]ight[h] [A]mendment['s] [E]xcessive [B]ail [C]lause." ECF No. 1 ¶ 13. Thus, the habeas petition seeks not to challenge the merits of the IJ's removal order, but rather the constitutionality of the pre-removal detention.

"[T]he general rule is that even post-REAL ID Act, aliens may continue to bring collateral legal challenges to the Attorney General's detention authority through a petition for habeas corpus." *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011) (internal alterations, quotation marks, and citation omitted); s*ee also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order."). Petitioner's challenge to confinement does not involve a final order of removal. Accordingly, this Court has jurisdiction under 28 U.S.C. § 2241.

#### B.   Administrative Exhaustion

Respondent also argues that the Court should deny the Petition on prudential grounds because Petitioner has not pursued an administrative appeal of the IJ's denial of the bond hearing. ECF No. 10 at 4. "[U]nder § 2241, exhaustion is a prudential rather than

jurisdictional requirement." *Singh*, 638 F.3d at 1203 n.3. Nonetheless, "[w]hen a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). For instance, exhaustion may be excused where the "pursuit of administrative remedies would be a futile gesture." *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004).

Here, the Court finds any administrative appeal would be futile given the BIA's previous decisions that an IJ has no jurisdiction to grant a bond hearing for aliens detained under INA § 236(c). *See Matter of Kotliar*, 24 I&N Dec. 124 (BIA 2007); *In Re: Armando Andres Velazquez Mendoza*, AXXX XX3 331 – HOU, 2018 WL 2761443, at *1 (BIA Mar. 23, 2018) ("Where an alien is subject to mandatory detention under section 236(c) of the Act, an Immigration Judge does not have jurisdiction to set a bond."). There is no reason to believe that the result would change if Petitioner were to present his challenge to the BIA first, meanwhile months could be lost in the process. As such, the Court concludes that exhaustion has been excused.

### C.   Due Process Clause

In the Ninth Circuit, district courts have taken various approaches to determine whether due process requires a bond hearing in any particular § 1226(c) detention case. *See, e.g., Rodriguez v. Nielsen*, 18-CV-04187-TSH, 2019 WL 7491555, at *6 (N.D. Cal. Jan. 7, 2019) (applying a bright-line rule that "detention becomes prolonged after six months and entitles [a detainee] to a bond hearing"); *Henriquez v. Garland*, 5:22-CV-00869-EJD, 2022 WL 2132919, at *5 (N.D. Cal. June 14, 2022) (eschewing a bright-line rule and applying instead the factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117 (W.D. Wash. 2019) (using an eight-factor test to determine when detention becomes unconstitutional); *Lopez*, 2022 WL 4586413, at *6 (creating a new three-factor test).

Recently, one court in the Southern District of California has applied the *Lopez* three-factor test in making this determination. *See Sanchez-Rivera v. Matuszewski*, 22-CV-

1357-MMA (JLB), 2023 WL 139801, at *6 (S.D. Cal. Jan. 9, 2023). This Court agrees with Judge Anello's analysis in *Sanchez-Rivera* that the *Lopez* test is the most applicable to habeas petitions of noncitizens detained under § 1226(c) seeking an initial bond hearing.[1] Accordingly, the Court will consider (1) the total length of Petitioner's detention to date; (2) the likely duration of future detention; and (3) delays in the removal proceedings caused by Petitioner and the government. *See Lopez*, 2022 WL 4586413, at *6.

First, Petitioner has been in immigration detention since September 2021: over nineteen months ago. "In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, 18-CV-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (internal alteration, quotation marks, and citation omitted). As Petitioner's detention has continued for well over a year, the Court finds this factor weighs in Petitioner's favor.

Second, Petitioner's motion for an extension of time to file his opening brief with the BIA has been pending since June 2022. There is currently no indication as to when the BIA will rule on the motion, and if it is granted, how long it will take for the BIA to rule on the appeal. Moreover, Petitioner has stated that even if his appeal is dismissed, he will seek judicial review with the Ninth Circuit. ECF No. 11 at 6. As such, detention may continue for months, if not years, into the future. The Court finds that the pending

---

[1] The Court agrees that "[w]hile the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly dispositive of whether prolonged mandatory detention has become unreasonable in a particular case." *Djelassi v. ICE Field Office Dir.*, 434 F.Supp.3d 917, 920 (W.D. Wash. 2020). As for the eight-factor test, "the conditions of detention, the likelihood that the removal proceedings will result in a final order of removal, whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable, and the nature of the crimes the petitioner committed are not particularly suited to assisting the Court in determining whether detention has become unreasonable and due process requires a bond hearing." *Lopez*, 2022 WL 4586413, at *6.

administrative appeal and the potential judicial review process will be sufficiently lengthy such that this factor weighs in Petitioner's favor.

Third, notwithstanding Respondent's argument that "considerable delay is attributable to Petitioner, who has failed to meet the deadline for filing his appellate brief before the BIA," the Court finds that the delay is partly attributable to the prolonged period in which Petitioner's request for a briefing extension has been before the BIA. In May 2022, Petitioner's former attorney filed a motion to withdraw and a motion for extension of time to file an opening brief. ECF No. 10-1 at 68. It appears that the BIA granted the former in June 2022 but has not ruled on the latter. Accordingly, the Court finds that this factor is neutral.

Overall, both the length of detention to date, "which is the most important factor," *Banda*, 385 F. Supp. 3d at 1118, and the likely duration of future detention weigh in Petitioner's favor. The delay factor is neutral. Therefore, the Court finds that Petitioner's continued detention has become unreasonable and, thus, due process requires that he receives an initial bond hearing.

### D.     Excessive Bail Clause

Petitioner also claims that his continued detention without a bond hearing violates the Eighth Amendment's Excessive Bail Clause. ECF No. 1 ¶ 13. Neither Petitioner nor Respondent addresses this claim in their briefing. *See generally* ECF Nos. 1, 10.

The Eighth Amendment states, "Excessive bail shall not be required . . . ." U.S. Const. Amend. VIII. The Excessive Bail Clause does not "accord a right to bail in all cases, but merely [provides] that bail shall not be excessive in those cases where it is proper to grant bail." *Carlson v. Landon*, 342 U.S. 524, 545 (1952); *see also Leader v. Blackman*, 744 F. Supp. 500, 509 (S.D.N.Y. 1990) ("It is well settled that bail may be denied under many circumstances, including deportation cases, without violating any constitutional rights."). Petitioner cites no authority establishing that bail must be granted to him under the Eighth Amendment. Accordingly, his Eighth Amendment claim fails.

### E.  Remedy

As noted above, Petitioner requests an order securing his immediate release, or in the alternative, release within seven days unless Respondent schedules a bond hearing. ECF No. 1 ¶ 15. Petitioner provides no authority to support his claim that he is entitled to an order of release. Therefore, the Court finds, consistent with other post-*Jennings* cases, that the appropriate remedy is an initial bond hearing before an immigration judge. *See, e.g., Sanchez-Rivera*, 2023 WL 139801, at *7; *Lopez*, 2022 WL 4586413, at *9; *cf. Martinez*, 36 F.4th at 1224 (affirming a district court's order to the IJ to provide a noncitizen detained under § 1226(c) an initial bond hearing).

Additionally, at the bond hearing, the government shall bear the burden to prove by clear and convincing evidence that Petitioner presents a flight risk or a danger to the community. *See Martinez*, 36 F.4th at 1230–31.

### IV.  CONCLUSION

The Petition is **GRANTED IN PART** and **DENIED IN PART**. The Petition is **GRANTED** as to Petitioner's due process claim and request for a bond hearing. Accordingly, within **thirty (30) days** of the date of service of this order, Respondent shall provide Petitioner with an individualized bond hearing before an immigration judge. The Petition is **DENIED** in all other respects.

In light of the ruling above, the Motion to Expedite is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

Dated:  April 20, 2023

_____
Honorable Linda Lopez
United States District Judge